## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**MARITZA ORTIZ,**

      **Plaintiff,**

      **v.**

**MARIA DEL MAR TORRES-SURIA, et al.,**

      **Defendants.**

**Civil No. 18-1587 (ADC)**

### ORDER TO SHOW CAUSE

On August 21, 2018, plaintiff Martiza Ortiz ("plaintiff") filed a pro se complaint based on diversity jurisdiction against multiple defendants in relation to a lengthy and bitter child custody dispute.[1] **ECF No. 4**. The complaint's caption indicates that plaintiff seeks an injunction. However, the complaint does not mention or argue for an injunction.[2] If plaintiff wishes to obtain an injunction, she must comply with the requirements of Federal Rule of Civil Procedure 65(a) and Local Civil Rule 65. Likewise, if plaintiff is pursuing a temporary restraining order, she must comply with the notice requirements of Federal Rule of Civil Procedure 65(b), as well as Local Civil Rule 65.

---

[1] *See, e.g.*, **Civil Case No. 13-1475, ECF No. 185** at 2 n.1 (listing seven state court actions spanning from 2005 to 2013 involving plaintiff's custody disputes); **Civil Case No. 14-1519**.

[2] Plaintiff requests the Court order co-defendant María Del Mar Torres-Suria to provide certain medical records within ten days of the date on her complaint. **ECF No. 4** at 42. This is not a basis for an injunction and the Court will not otherwise order any document disclosures at this stage of the proceedings.

The complaint alleges that the Court has diversity jurisdiction over the case. However, the Court is not convinced that it has diversity jurisdiction in this case. Plaintiff identifies all of the defendants as residing in Puerto Rico and herself as "a citizen of and reside[nt]" of Puerto Rico and New York. **ECF No. 4** at 2. Diversity jurisdiction is based on domicile and, "[w]hile a person may have more than one residence, he can only have one domicile." *Aponte-Dávila v. Municipality of Caguas*, 828 F.3d 40, 49 (1st Cir. 2016) (alteration in original) (citation and internal quotation marks omitted).

Based on the complaint, it appears Puerto Rico is plaintiff's domicile. She included a Puerto Rico address on the complaint and listed her bar license number for the United States District Court for the District of Puerto Rico. The complaint states that plaintiff's attempt to move to New York was frustrated by one of the defendants in this case and the complaint suggests that plaintiff was domiciled in Puerto Rico during the relevant events underlying her claims, which relate back to 2009. **ECF No. 4** at 12. She similarly identified a Puerto Rico address and local bar licensure in other cases filed before this Court, *see* **Civil No. 18-1194**, **ECF No. 1** (stating she resides solely in New York while listing the same local address and local bar number as used in the present case); **Civil No. 14-1519, ECF No. 1** at 28; **Civil No. 13-1475, ECF No. 6** at 32, and she listed a Puerto Rico employer in a filing submitted to this Court the same day as she filed this complaint, *see* **Civil No. 18-1586** (plaintiff filed a financial statement on the same day as the underlying complaint, indicating that she currently works part time at a law firm located in Old San Juan, Puerto Rico). Thus, the complaint indicates that there is no diversity among the parties. *See Aponte-Dávila*, 828 F.3d at 49.

Additionally, the complaint does not establish federal question jurisdiction. Although plaintiff included in the caption of her case that she is alleging claims based on "civil rights violations, A.D.A., recovery of defaulted child support arrears not fulfilling federal regulations," and identified 42 U.S.C. §§ 1983, 1988, and the "Fifth[3] and/or Fourteenth Amendment" as a jurisdictional basis, **ECF No. 4** at 1, the forty-three page complaint does not actually address any of these proposed grounds for federal question jurisdiction. At best, plaintiff includes a vague suggestion that 42 U.S.C. § 666 was violated by the state agencies regulated thereunder, without identifying the alleged violation or how she may otherwise have standing to seek relief under this statute. **ECF No. 4** at 35. This statute merely requires states to enact prescribed mechanisms for regulating child support. Plaintiff does not allege that Puerto Rico has failed to enact said standards; rather, plaintiff challenges state agency decisions rendered under those standards. Thus, plaintiff's cursory mentions of federal laws in her complaint provide an insufficient basis on which this Court may exercise federal question jurisdiction.

What's more, a large portion, if not all, of the factual background and issues plaintiff complains of in the present case, were adjudicated on the merits before this Court in **Civil No. 13-1475, ECF No. 185** (granting summary judgment in favor of the defendants). The Court is therefore concerned that principles of res judicata may apply to bar several of plaintiff's claims if not the entire complaint. *See* P.R. Laws Ann. tit. 31, § 3343; *Cruz-Berrios v. Gonzalez-Rosario*, 630

---

[3] None of the defendants in this case are federal actors, rendering the cursorily-cited Fifth Amendment inapplicable. *See Martínez-Rivera v. Sánchez-Ramos*, 498 F.3d 3, 8 (1st Cir. 2007). It is important to note that this also was the basis for summary judgment on her Fifth Amendment claims raised in **Civil No. 13-1475, ECF No. 185** at 9.

F.3d 7, 11–12 (1st Cir. 2010); *Grajales v. Puerto Rico Ports Authority*, 2018 WL 1726247, at *6 (D.P.R. Mar. 30, 2018) (PAD). Compounding this concern is the repeated admonishments from the Court in plaintiff's previous case, describing her as engaging in "gamesmanship" involving "repeated disregard of the applicable rules of procedure" and by filing an unsubstantiated, cursory motion for voluntarily dismissal without prejudice at the summary judgment stage, seemingly as a means to avoid an imminent adverse ruling. **Civil No. 13-1475, ECF No. 185** at 6 n. 5, 8 (describing plaintiff's motions as "full of sound and fury, [and] wholly lacking in substance"). The Court is also concerned by plaintiff's failed attempts to file a case before this Court over the course of this year as suggestive of further "gamesmanship." *See* **Civil Nos. 18-1194** (involving some overlapping claims to the present suit, terminated by the Clerk of Court for failure to comply with filing standards); **18-1586** (filed by plaintiff the same day as the present case and terminated by the Clerk of Court for failure to file initiating documents).

Accordingly, plaintiff is hereby **ORDERED TO SHOW CAUSE** as to how this Court has jurisdiction over this case. And, if the Court does have jurisdiction, plaintiff is **ORDERED TO SHOW CAUSE** as to whether and which claims are not barred by principles of res judicata. Plaintiff has **ten days** from the date of this order to comply. Failure to comply will result in dismissal with prejudice of plaintiff's complaint.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 24th day of August, 2018.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**