# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**MARITZA ORTIZ,**

    **Plaintiff,**

    v.

**MARIA DEL MAR TORRES-SURIA, et al.,**

    **Defendants.**

**Civil No. 18-1587 (ADC)**

## OPINION AND ORDER

On August 24, 2018, the Court issued an Order to Show Cause ("OSC)") ordering plaintiff Martiza Ortiz ("plaintiff") to clarify the jurisdictional basis of her complaint filed in this Court and, if the Court has jurisdiction, to explain how principles of res judicata may affect some or all of the claims raised in her complaint. **ECF No. 7**. Plaintiff timely responded. **ECF No. 8**. The Court now concludes that it has no basis upon which it may exercise jurisdiction and, accordingly, hereby **DISSMISSES THE COMPLAINT WITH PREJUDICE**.

**I. Analysis**

Plaintiff filed a pro se complaint based on diversity jurisdiction against multiple defendants in relation to a lengthy and bitter child custody dispute. **ECF No. 4**. In the OSC, the Court raised concerns that the parties lacked total diversity in this case. Plaintiff's response to the OSC does not address the Court's diversity jurisdiction concerns and the Court accordingly finds that it lacks diversity jurisdiction for the reasons explained in the OSC. **ECF No. 7**.

Although the complaint asserts only diversity jurisdiction, in the OSC the Court considered whether plaintiff alleged sufficient grounds for the Court to exercise federal question jurisdiction. The Court concluded in the OSC that it also lacked federal question jurisdiction but requested plaintiff to clarify otherwise. In her response to the OSC, plaintiff posits several bases upon which the Court may exercise federal question jurisdiction.

Plaintiff reiterated several times in her response to the OSC that the "real motive" in her "lawsuit [is] to collect money," specifically, child support arrears. **ECF No. 8** at 6–8, 11. She describes the "'Federal Question'" at issue as "relat[ing] to this 'priority debt,'" which presents "the exact 'Federal Question' solved within this federal court system[] under bankruptcy cases." *Id.* at 8. She also asserts that federal question jurisdiction over her collection action is available "because the Commonwealth Court System is incapable of providing [her] with an adequate remedy at law." *Id.* at 4–5 n.2, 6. This assertion seems to be based on plaintiff's presumption that the local courts are biased against her, noting that some of the defendants in this case work directly or indirectly for the "Administration of the Commonwealth Judiciary," and that the state court in an earlier proceeding impermissibly excluded expert witness evidence and issued adverse rulings that she considers unsupported by the evidence. *Id.* at 4–5 n.2, 8–9, 11. Plaintiff's sole mention of the civil rights statute, 42 U.S.C. § 1983, consists of her statement that "federal civil rights claims under 42 U.S.C. § 1983 may properly be commenced in federal court, specially when it comes to lawsuits against O.C.A." *Id.* at 4.

Plaintiff's convoluted, rambling argument is insufficient to show federal question jurisdiction. Plaintiff's evidentiary challenges, assertions that the child support and custody

determinations against her are unsubstantiated, and her reiteration that this is a collection action support the Court's conclusion that federal question jurisdiction does not exist. Rather, plaintiff has loosely packaged state tort and child support claims as presenting a federal civil rights action.

Plaintiff also asserts that the defendants' treatment of her claim to child support arrears constitutes a violation of a 42 U.S.C. § 666. *Id.* at 8. The Court expressed concern in the OSC that plaintiff does not have standing to bring a claim under 42 U.S.C. § 666 where that statute merely requires states to enact prescribed mechanisms for regulating child support. **ECF No. 7**. Plaintiff specifies that subsection (a)(10)(b) of that statute applies to her case. That subsection provides, in full:

> (a) In order to satisfy section 654(20)(A) of this title, each State must have in effect laws requiring the use of the following procedures, consistent with this section and with regulations of the Secretary, to increase the effectiveness of the program which the State administers under this part:
> . . .
> (10)(B) Procedures under which, in the case of a request for a review, and if appropriate, an adjustment outside the 3-year cycle (or such shorter cycle as the State may determine) under clause (i), the State shall review and, if the requesting party demonstrates a substantial change in circumstances, adjust the order in accordance with the guidelines established pursuant to section 667(a) of this title.

42 U.S.C. § 666(a)(10)(B). As noted in the OSC, plaintiff does not allege that Puerto Rico has failed to enact these standards; rather, plaintiff challenges the propriety of the state's decisions rendered under these standards in her custody case. Accordingly, plaintiff has failed to establish federal question jurisdiction under this statute.

Plaintiff does not address the Court's assertion in the OSC that federal question jurisdiction is not available under other provisions mentioned in the complaint, i.e., "'the A.D.A.'"; 42 U.S.C. § 1988; and the "'Fifth and/or Fourteenth Amendment.'" **ECF No. 7** (quoting **ECF No. 4**). Accordingly, the Court concludes that no federal question jurisdiction exists under these bases for the reasons explained in the OSC.

Last, plaintiff requests her application to proceed in forma pauperis be approved. **ECF No. 8** at 20. There is no such application on file for this case. It appears plaintiff filed the application in a separate case, initiated the same day as the present case; the Clerk of Court subsequently closed the other case for failure to file the initiating documents. *See* **Civil No. 18-1586, ECF No. 1**. The Court presumes this reflects a filing error by plaintiff and will permit plaintiff to file the application to proceed in forma pauperis within ten days of the date of this order.

## II.   Conclusion

The Court lacks both diversity and federal question jurisdiction. The case is hereby **DISMISSED WITH PREJUDICE**. Plaintiff may file an application to proceed in forma pauperis within ten days of the date of this order. The Clerk of Court shall enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 15th day of October 2018.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**